UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-00235-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| EDGAR SANDOVAL CLEMENTE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence (Doc. No. 86). For the reasons set forth below, Defendant's Motion is **DENIED**. Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because the amendment does not change the Guidelines Range the Court considered when imposing his sentence. (Doc. Nos. 54, 55.)

On January 29, 2024, Defendant filed a motion for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 77.) On February 9, 2024, the Court denied Defendant's motion because the application of Amendment 821 does not change Defendant's Guidelines Range. (Doc. No. 79.) Defendant's renewed motion claims he is eligible for relief because he "received an increased three points to his criminal history category" due to a previous illegal re-entry conviction for which he avers he was on probation at the time of his offense in the instant case. (Doc. No. 86.) Therefore, he argues, he is eligible for a sentence reduction under Amendment 821 Part A.

Defendant's argument is not supported by the record. Defendant scored three criminal history points due to his 2018 drug conviction in California state court for which he was sentenced to 56 months imprisonment. (Doc. No. 39, p. 8.) Those points are not "Status Points" under United

1

States Sentencing Guidelines Section 4A1.1(e). Instead, they are criminal history points under Section 4A1.1(a) for a "prior sentence of imprisonment exceeding one year and one month." No "Status Points" were added to Defendant's criminal history score, and Defendant's total criminal history score was three for a criminal history category of II. Because "Status Points" were not included in the calculation of Defendant's original criminal history category[1], Amendment 821 has no effect on Defendant's Guidelines Range and he is not eligible for a sentence reduction. The Court's Order denying Defendant's first motion, (Doc. No. 79), stands.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. No. 86), is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 17, 2024

Frank D. Whitney
United States District Judge

---

[1] Defendant is also not a "Zero Point Offender" under Part B of Amendment 821.